MEMO ENDORSED

 **GOLDBERG SEGALLA**<sup>LLP</sup>

Christopher Kendric | Partner
Direct 516.281.9816 | ckendric@goldbergsegalla.com

July 22, 2013


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-26-13

VIA E-MAIL
AND BY REGULAR MAIL

Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 725
New York, New York 10007



Re:   Cano, et al. v. Domino's Pizza Inc., et al.
      Case No. 10 Civ. 7100 (ALC) (JCF)
      Our File No. 4267.0026

Dear Judge Carter:

This firm represents defendants Domino's Pizza Inc., Domino's Pizza LLC, and Domino's Pizza Franchising LLC (the "Corporate Domino's Defendants") in the referenced action.

I write in very brief reply to Plaintiff's supplemental letter e-mailed to chambers last Thursday evening, July 18.

It is factually inaccurate and misleading for counsel to advise the Court that the Corporate Domino's Defendants "do not intend to make a contribution under any consensual plan of reorganization."[1] These Defendants have already offered significant financial concessions relative to DPNY, Inc.'s plan of reorganization and Plaintiffs' counsel is fully aware of those concessions.

In somewhat stark contrast to the very pessimistic view continually being presented to Your Honor as to the chances of this matter being resolved via the bankruptcy proceeding, Plaintiffs' counsel optimistically advised Magistrate Francis just last Thursday that they are engaged in "active settlement negotiations" and requested an extension of the discovery cut-off date because they "hope to avoid potentially unnecessary litigation costs associated with [conducting] depositions."[2]

We would appreciate the opportunity to separately (and very briefly) address counsel's follow-up letter regarding the *Irizzary* decision.

---

[1] Richard Blum, Esq. letter to the Court, dated July 18, 2013.
[2] Richard Blum, Esq. letter to Magistrate Francis dated July 18, 2013, attached hereto.

Thank you for your kind consideration.

Respectfully yours,

Christopher Kendric

Enclosure

cc: (via e-mail, with enclosure)
Karen Cacase, Esq.
Richard E. Blum, Esq.
Hollis V. Pfitch, Esq.
The Legal Aid Society
*Attorneys for Plaintiffs*
199 Water Street, Third Floor
New York, New York 100038

Randall Martin, Esq.
Jill Frizzley, Esq.
Sherman & Sterling LLP
*Attorneys for Plaintiffs*
599 Lexington Avenue
New York, New York 10022-6069

Rodney A. Harrison, Esq.
Ogletree, Deakins, Nash, Smoat & Stewart, P.C.
*Attorneys for DPNY Defendants*
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105

Dominick C. Capozzola, Esq.
Cheryl M. Stanton, Esq.
Ogletree, Deakins, Nash, Smoat & Stewart, P.C.
*Attorneys for DPNY Defendants*
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960

---

Defendants may submit a letter-brief not to exceed 5 pages addressing the <u>Irizarry</u> decision by August 2, 2013. Plaintiffs may submit a letter-brief in reply to Defendants' submission not to exceed 5 pages by August 9, 2013.

SO ORDERED.

*/s/ Andrew L. Carter*
7-26-13



Employment Law Unit
199 Water Street, 3rd Floor
New York, New York 10038

Direct Dial: 212-577-3648
Direct Fax: 646-616-4648
E-mail: rblum@legal-aid.org

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney-in-Chief*

Karen Cacace
*Supervising Attorney*
Employment Law Unit

July 18, 2013

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18D
New York, New York 10007-1312
*BY FAX: 212-805-7930*

    Re:   *Gil Santiago Cano, et al., v. DPNY, Inc., d/b/a Domino's Pizza, et al.*
            10 Civ. 7100 (ALC) (JCF)

Dear Judge Francis:

    The Legal Aid Society and Shearman & Sterling, of counsel, represent the Plaintiffs in the above-referenced case. We are writing on behalf of Plaintiffs and the individual Defendants with regard to the discovery schedule.

    We are aware that Your Honor indicated that no further extensions of the discovery deadline would be granted, however, we are writing jointly to request a modification to the schedule and to explain the need for this request. The current deadline for fact discovery is August 9, 2013. The previous deadline was June 14, 2013; we jointly requested an extension on June 3, 2013.

    At the present time, the District Court is still considering the Corporate Defendants' Motion to Dismiss. Because discovery has been stayed for Corporate Domino's since March, 2013, pending the outcome of their motion, Corporate Domino's has engaged in no discovery of any kind, and none of the parties have been able to take discovery from them. Under the current schedule, Plaintiffs and the individual defendants may need to be deposed twice—once in advance of the August 9, 2013 discovery deadline, and once when the stay on discovery from Corporate Domino's ends. This will lead to a substantial waste of resources for all of the parties involved.

    We are set to begin depositions shortly. At the same time, we are engaging in active settlement negotiations in advance of a status conference in the bankruptcy court on August 6,

Case 1:10-cv-07100-ALC-JCF   Document 130   Filed 07/26/13   Page 4 of 6

Page 2

In view of the above, we respectfully request that the Court adjourn the August 9, 2013 discovery deadline and set a status telephone conference with Your Honor for a date shortly after the bankruptcy court appearance on August 6, 2013. At that point, we will better know the status of our settlement negotiations and the bankruptcy court case. We will also have completed document discovery by that time or, if not, we will have narrowed our document-related disputes to present to you for resolution. In the meantime, in light of the settlement negotiations, the parties hope to avoid potentially unnecessary litigation costs associated with depositions.

Thank you for your consideration.

Sincerely,

Richard Blum
Staff Attorney


cc:

Christopher Kendric, Esq.
100 Garden City Plaza, Suite 225
Garden City, New York 11530-3203
Telephone: 516.281.9816
Fax 516.281.9801
*By Email: ckendric@goldbergsegalla.com*

Dominick C. Capozzola, Rodney Harrison, Cheryl Stanton
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Fax: 973-656-1611
*By Email: dominick.capozzola@ogletreedeakins.com*



**THE LEGAL AID SOCIETY**



Employment Law Unit
199 Water Street, 3rd Floor
New York, New York 10038

Direct Dial: 646-634-7769
E-mail: rblum@legal-aid.org

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney–in–Chief*

Karen Cacace
*Supervising Attorney*
Employment Law Unit

July 19, 2013

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007-1312
*By electronic mail:* ALCarterNYSDChambers@nysd.uscourts.gov

    Re:    *Gil Santiago Cano, et al., v. DPNY, Inc., d/b/a Domino's Pizza, et al.*
            10 Civ. 7100 (ALC) (JCF)

Dear Judge Carter:

The Legal Aid Society and Shearman & Sterling LLP represent the plaintiffs in this action and write to bring to the Court's attention a recent Second Circuit decision on the question of joint employment under the Fair Labor Standards Act ("the FLSA"). In *Irizarry v. Catsimatidis*, --- F.3d ----, 2013 WL 3388443 (C.A.2 July 9, 2013), the Second Circuit affirmed a grant of summary judgment to the plaintiff employees on the question of whether the individual chairman and CEO of the defendant company was a "joint employer." Although the decision addresses questions of individual liability of the top officer of the company and not the liability of a franchisor, many of the principles cited in the decision further support Plaintiffs' opposition to the motion to dismiss of the Domino's Corporate Defendants, which is pending in this action.

Building on various precedents, including *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999), the Second Circuit reaffirmed the principle that functional or operational control over a worker does not require a showing of direct or day-to-day involvement with those workers. To the contrary, indirect involvement through others at a higher level and the capacity to exercise power rather than its actual use are both sufficient. For example, the Court repeatedly refers to the power to shut down a business if it is not run in a manner that the putative joint employer finds acceptable, *see, e.g.,* 2013 WL 3388443 at *5, 12, 14, as a relevant factor. This principle is directly applicable to the allegations in the Second Amended Complaint ("SAC") in this action. *See* SAC at ¶¶76-77.

Page 2

In short, Plaintiffs believe that the analysis in *Irizzary* further supports their opposition to the Domino's Corporate Defendants' motion to dismiss.[1]

                                              Respectfully submitted,

                                                          /s/

                                              Richard Blum
                                              The Legal Aid Society
                                              Attorneys for Plaintiffs

cc: Christopher Kendric
    Dominick C. Capozzola
    Rodney A. Harrison
    (*by electronic mail*)

---

[1] In *Irizzary,* the Court remanded the question of coverage under the New York Labor Law ("NYLL"). That question was not briefed by the Domino's Corporate Defendants on their motion to dismiss. However, after argument in the *Irizzary* case, the New York Supreme Court, Appellate Division, First Department issued a decision applying an economic realities test similar to that used under the FLSA to a question of individual liability as a "joint employer" under the NYLL. *See Bonito v. Avalon Partners, Inc.*, 106 A.D.3d 625 (1st Dep't 2013).